KENNETH J. TROIANO
ATTORNEY AT LAW
State Bar Number 134786
P.O. Box 33536
San Diego, California 92163-3536
(858) 268-8600

Attorney for Defendant
JOSE ANTONIO GARCIA-GRACIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(HON. IRMA E. GONZALEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ANTONIO GARCIA-GRACIA,<br><br>Defendant. | Criminal Case #: **08CR1185-IEG**<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO:**<br><br>**1) COMPEL DISCOVERY**<br>**2) LEAVE TO FILE FURTHER MOTIONS**<br>**3) RESERVE RIGHT TO HEARING** |

**I.**

**STATEMENT OF FACTS AND CASE**

On January 22, 2008, upon his release from the California Department of Corrections on parole, instead of being deported as previously ordered by the U.S. Government, Jose Garcia was arrested and charged in Complaint # 08MJ1077 with being a Deported Alien Found in the United States in violation of 8 U.S.C. § 1326. The date of the offense is alleged as being on or about February 22, 2006, on or about the

date he was arrested for the offense which resulted in his commitment to state prison. The government subsequently indicted Mr. Garcia for being a Deported Alien Found In The United States in violation of 8 U.S.C. § 1326.

Government counsel has provided the defense with 177 pages of discovery, a DVD (dated 4/4/08), and verbally advised counsel that inspection of the defendant's immigration A-file would be permitted upon order of the Court.

## II.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. THE DEFENDANT HEREBY MOVES THE COURT TO COMPEL DISCOVERY PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND BRADY v. MARYLAND.

The defendant moves for production by the government of the items listed below. This request is not limited to those items that the prosecutor personally knows of, but rather includes any and all discoverable items listed below that are in the custody, control, care, or knowledge of the government or any "closely related investigative [or other] agencies", or the existence of which are known, or by the exercise of due diligence may become known, to the attorney for the government. United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

**(1) The Defendant's Statements** - Under Fed. R. Crim. P. 16 (a)(1)(A) the government must disclose to the defendant and make available for inspection, copying, or photographing:

- any written or recorded statements made by the defendant;
- that portion of any written record containing the substance of any relevant oral

statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person known by the defendant to be a government agent if the government intends to use that statement at trial.

The Advisory Committee Notes, as well as the 1991 amendments to Rule 16, make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements in its case-in-chief or reserve their use for impeachment purposes.

Specifically, in the instant matter the defendant requests discovery of all of his statements as defined by Rule 16, including those made in relation to any Miranda warnings that may have been given. See e.g., United States v. McElroy, 697 F.2d 459 (2d Cir. 1982).

This request is intended to include the rough notes of any agents who were involved in questioning Mr. Garcia. If his statement was exculpatory, then the notes would constitute Brady material. If his statement was incriminating and the government intended to use it at trial, then it is discoverable under Rule 16. In any event, the rough notes should be ordered preserved by the government. United States v. Harris, 543 F.2d 1247, 1251-53 (9th Cir. 1976); United States v. Griffin, 659 F.2d 932, 939-41 (9th Cir. 1981).

**Regarding Waiver Forms and Translations:**

According to discovery provided to the defense, the defendant gave a post-arrest

statement after having signed a waiver form. The defense hereby requests the government to produce copies of any warnings given to him relating to his rights under Miranda v. Arizona, 384 U.S. 439 (1966) or those arising under immigration laws, along with any documents signed by him and tapes of any statements he made. See e.g. United States v. San Juan Cruz, 314 F.3d 384 (9th Cir. 2002).

This request is intended to include English translations of any statements originally made to or by the defendant in the Spanish language.

**The defense also requests copies of any documents presented to or served on Mr. Garcia, b) any statements made by Mr. Garcia; and c) and reports made memorializing the statements made or describing the documents presented or served on him, since February 22, 2006.**

**(2) The Defendant's Prior Record** - Evidence of the defendant's prior criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). The defendant therefore requests a copies of his rap sheets from the various agencies government counsel consults for such information in addition to copies of court records that may be used to establish prior convictions for purposes of sentencing and impeachment.

**(3) Documents and Tangible Objects** - The defendant requests, under Fed. R. Crim. P. 16(a)(1)(C), the opportunity to inspect and copy, or photograph, as well as test, if necessary, all books, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant.

**Regarding the Defendant's A-File:**

The offense charged in the indictment includes the element of the defendant having previously been deported. Those proceedings, in addition to the criminal history documents upon which they relied, will be made available to U.S. Probation when they prepare a Presentence Report in this matter and considered by the Court at sentencing. Fundamental fairness, due process of law, and the 6th Amendment to the United States Constitution require that such information also be disclosed to the accused.

Furthermore, if the case proceeds to trial, the government will call a witness who will testify to having thoroughly reviewed the A-File and who will introduce certain documents into evidence that are maintained in the file. This witness will also be asked to offer his or her opinion as to the existence or non-existence of certain facts or documents in the file.

**Accordingly, the defendant specifically requests a copy of his immigration "A-file", including copies of the documents and tapes relating to the deportation(s) upon which the government will rely at trial.**

**Defense counsel is informed and believes that Mr. Garcia previously obtained permanent legal resident status. The government should be ordered to disclose any and all documents relating to that fact and how the status was terminated.**

In addition to complying with Rule 16, such disclosure will enable the defense to prepare for trial and to effectively confront and cross-examine the government's witness regarding matters upon which they relied in forming their opinion as to the existence or

non-existence of facts or documents in the file. U.S. Constitution, Sixth Amendment.

**(4) Reports of Scientific Tests or Examinations** – Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Mr. Garcia requests the opportunity to inspect and copy, or photograph, as well as test, if necessary, all reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof in this case which are material to the defense or intended for use in the government's case-in-chief.

**(5) Expert Witness Testimony** - Pursuant to Fed. R. Crim. P. 16(a)(1)(E), Mr. Garcia hereby requests a written summary of testimony the government intends to use under Fed. R. Evid. Sections 702, 703 or 705 during its case-in-chief at trial. A written summary of testimony is defined in this rule as a description of the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

**(6) Brady Material** – pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the defendant requests all documents, statements, agent's reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which effects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

**Defense counsel is informed and believes that one or both of Mr. Garcia's parents may have become naturalized U.S. Citizens. Accordingly, the government should be ordered to a) determine through their government databases the date his mother or father were naturalized and b) provide the defense with any documents or evidence that relates to the alienage of his parents. At this time,**

**the defense can provide the name of Mr. Garcia's mother, Maria de Jesus Garcia-Gracian (deceased 1995-1996). This information and evidence is potentially exculpatory because it may provide Mr. Garcia a defense to the charge based on derivative citizenship.**

**(7) Any Proposed FRE 404(b)** - Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b). In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial and to file a motion in limine requesting the Court to exclude such evidence.

**(8) Jencks Act Material** - The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch or surveillance tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial.

**(9) Evidence of Bias or Motive to Lie** - The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

**(10) Giglio Material** - The defense requests all statements, promises, and threats, express or implied, made to any government witness, including any material witnesses or informants, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of such witnesses. Giglio v. United States, 405 U.S. 150 (1972).

**(11) Evidence of a Criminal Investigation of Any Government Witness –** The defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2nd Cir. 1985).

**(12) Government Examination of Law Enforcement Personnel Files** - Mr. Garcia requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting a confidential informant involved in this case. Mr. Garcia requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United

States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).

**B. MOTION FOR LEAVE TO FILE FURTHER MOTIONS.**

Mr. Garcia respectfully moves the Court for leave to file substantive motions upon completion of the discovery process or formal notification by the government of its intent to use specific FRE § 404(b) evidence at trial.

**C. MR. GARCIA MOVES TO RESERVE HIS RIGHT TO HAVE THE COURT CONDUCT A HEARING PRIOR TO TRIAL REGARDING THE ADMISSIBILITY OF ANY STATEMENTS MADE BY HIM WHILE IN CUSTODY PURSUANT TO MIRANDA V. ARIZONA AND ON GROUNDS OF VOLUNTARINESS UNDER 18 U.S.C. § 3501.**

Mr. Garcia was interrogated while in custody on at least two occasions. First, he was questioned by immigration agent(s) on or about August 28, 2006 when he was ordered deported at the State Prison at Centinella while serving his prison sentence. Second, he was questioned upon arrest on or about April 4, 2008 at the Federal Building and possibly upon release from prison and on his way to the MCC around this time. Although it appears he invoked right to counsel on April 4, 2008, after being advised of his *Miranda* rights, most likely some questioning pertaining to the elements of the offense took place "in the field" after he had been detained and handcuffed, during transport by government agents, and while being processed at immigration. The defense has requested copies of any warnings given to the defendant, documents signed by him, and tapes or reports containing his statements. After review of any further discovery produced on this issue, including the translation of Spanish language

documents and statements into English, the defense will be able to determine if additional motions should be filed.

Therefore, Mr. Garcia moves to reserve his right to request the suppression and exclusion of any statements made by him while subject to custodial interrogation pursuant to Miranda v. Arizona, 384 U.S. 436 (1966) and United States v. San Juan Cruz, 314 F.3d 384 (9th Cir. 2002). He also moves to reserve his right to request a hearing pursuant to 18 U.S.C. § 3501 to determine if his statements were made voluntarily and if his waiver of rights under Miranda was done so voluntarily.

III.

**CONCLUSION**

For the foregoing reasons, Mr. Garcia respectfully requests the Court to grant his motions to compel discovery, for leave to file further motions, and reserve his right to a hearing regarding post-arrest statements.

Respectfully submitted,

Dated: May 19, 2008

*S/Kenneth J. Troiano*
Kenneth J. Troiano
Attorney for Defendant
Jose Antonio Garcia-Gracian