1  KAREN P. HEWITT
   United States Attorney
2  CAROLINE P. HAN
   Assistant U.S. Attorney
3  California State Bar No. 250301
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Phone: (619) 557-5220
   Fax: (619) 235-2757
6  E-mail: caroline.han@usdoj.gov

7  Attorneys for Plaintiff
   United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, ) **Criminal Case No. 08CR1185-IEG**
                              )
12 |          Plaintiff,      ) **RESPONSE AND OPPOSITION TO**
                              ) **DEFENDANT'S MOTIONS:**
13 |          v.              )
                              ) **(1) TO COMPEL SPECIFIC DISCOVERY**
14 |                          ) **(2) FOR LEAVE TO FILE FURTHER MOTIONS**
   | JOSE ANTONIO             ) **(3) RESERVING RIGHT TO A HEARING**
15 |      GARCIA-GRACIAN      ) **TOGETHER WITH STATEMENT OF FACTS,**
                              ) **MEMORANDUM OF POINTS AND**
16 |                          ) **AUTHORITIES, AND GOVERNMENT'S**
                              ) **MOTIONS TO:**
17 |          Defendant.      ) **(1) COMPEL FINGERPRINT EXEMPLAR**
                              ) **(2) PRODUCTION OF RECIPROCAL**
18 |                          )     **DISCOVERY**
                              )
19 |                          ) **Hon. Irma E. Gonzalez**
   |_____) **June 2, 2008 at 2:00 pm**
20

21        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

22 United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby

23 files its Response and Opposition to Defendant's Motions to Compel Specific Discovery, For

24 Leave to File Further Motions, and Reserving His Right to a Hearing.  This Response and

25 Opposition is based upon the files and records of this case, together with the attached Statement

26 of Facts, Memorandum of Points and Authorities, as well as the Government's Motions to Compel

27 Fingerprint Exemplar and for Reciprocal Discovery.

28

**I**

**STATEMENT OF FACTS**

**A. Statement of the Case**

On April 16, 2008, a federal grand jury handed up a one-count Indictment charging Defendant Jose Antonio Garcia-Gracian with Deported Alien Found in the United States in violation of Title 8, United States Code, Section 1326. The indictment also alleges that Defendant was removed from the United States subsequent to November 22, 2006. Defendant entered a not guilty plea before Magistrate Judge Ruben B. Brooks on April 17, 2008.

**B. Statement of Facts**

**1. Defendant's Arrest**

On April 22, 2006, Chula Vista Police Department police officers learned that a delivery of methamphetamine would occur at 2251 K Street, Chula Vista, California, and believed that the delivery would be made by a man named Silvano Hernandez who would be driving a dark colored Chevy Trailblazer (bearing California license plate 5SFU973). After some time, police officers observed that the Trailblazer approached the above stated location, and a man (who was later identified as the defendant) exited the car. The defendant then walked to the residence at 2251 K Street while carrying something, received no answer at the door, and walked back to the Trailblazer.

Police officers attempted to stop the Trailblazer after the defendant boarded the vehicle, and ultimately pulled the car over after a chase. At the time police officers pulled the vehicle over, the defendant was driving the vehicle. Police officers also recovered two packages containing approximately nine ounces of methamphetamine in the Trailblazer's flight path. Later, police officers also recovered a small amount of methamphetamine from the defendant when he was booked into the Chula Vista jail.

The defendant was subsequently convicted of Possession for Sale of a Controlled Substance with a Prior in violation of California Health Safety Code 11378 in the San Diego Superior Court on June 9, 2006, and was later sentenced to four years in custody. The defendant was released on April 4, 2008 and was referred to Immigration and Customs Enforcement (ICE).

ICE deportation officers conducted a review of the defendant's Alien Registration file (A-file), as well as a conducted searches of immigration databases. These searches revealed that Defendant had previously been deported, and was a Mexican citizen. This was confirmed when the defendant's fingerprints were entered into immigration databases. In addition, it was confirmed that the defendant had no legal documents to enter or remain in the United States. The defendant was subsequently arrested for a violation of 8 U.S.C. 1326.

**2. Defendant's Statements**

On February 22, 2006, Chula Vista Police Officer D. Beatty advised the defendant of his Miranda rights. The defendant stated that he understood his rights, and invoked his right to remain silent. On April 4, 2008 at approximately 10:54 am, ICE agent Gregory Harrison advised the defendant of his Miranda rights. The defendant stated that he understood his rights, and invoked his right to remain silent.

**C. Defendant's Criminal History**

On June 9, 2006, the defendant was convicted of Possession of Controlled Substance for Sale with a Prior in violation of California Health & Safety Code 11378, and was later sentenced to 4 years in custody. On November 22, 2004, the defendant was convicted of Possession of Controlled Substance for Sale in violation of California Health & Safety Code 11378, and was later sentenced to 2 years in custody. On February 11, 2004, the defendant was convicted of Possession of Controlled Substance in violation of California Health & Safety Code 11377, and was later sentenced to 365 days custody and 3 years probation. He was later sentenced to 2 years in custody for a probation violation on this case.

On December 17, 2002, the defendant was convicted of Possession of a Stolen Vehicle in violation of California Penal Code 496, and was later sentenced to 2 years in custody. On October 21, 2002, the defendant was convicted of Possession of a Controlled Substance in violation of California Health & Safety Code 11377, and was later sentenced to 61 days custody and 3 years probation. He was later sentenced to 2 years in custody for a probation violation on this case. On March 15, 2002, the defendant was convicted of Possession of a Controlled Substance in violation

1    of California Health & Safety Code 11377, and was later sentenced to 3 years probation.  He was

2    later sentenced to 2 years in custody for a probation violation on this case.

3        In addition, the defendant has four other drug felony convictions and four misdemeanor

4    convictions that span the time period between 1990-2000.

5                                                    **II**

6    **MOTION TO COMPEL SPECIFIC DISCOVERY AND PRESERVE EVIDENCE**

7        The Government intends to continue full compliance with its discovery obligations under

8    Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the

9    Federal Rules of Criminal Procedure.  To date, the Government has provided 177 pages of

10   discovery that includes the advisal of rights form from April 4, 2008 that the defendant mentions

11   in his motion.  The Government anticipates that all discovery issues can be resolved amicably and

12   informally, and has addressed Defendant's specific requests below.

13       **(1) Defendant's Statements**

14       The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to

15   provide to Defendant the substance of Defendant's oral statements and Defendant's written

16   statements. The Government has produced all of the Defendant's statements that are known to the

17   undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or

18   written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such

19   statements will be provided to Defendant.  The defendant's motion states that the defendant made

20   a statement after signing a <u>Miranda</u> waiver form, and he bases this contention based upon the

21   discovery that has provided to him.  However, the undersigned Assistant U.S. Attorney is not

22   aware of any such statement since as discussed above, it appears that the defendant invoked his

23   right to remain silent when he was arrested on February 22, 2006 and April 4, 2008.  However,

24   should the United States learn of any additional statements, we will provide them to the defendant.

25   However, the United States objects to providing the defendant with an English translation of the

26   any statements, should they exist, in that Rule 16 does not require the United States to do so.

27       The Government has no objection to the preservation of the handwritten notes taken by any

28   of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents

1    must preserve their original notes of interviews of an accused or prospective government

2    witnesses).

3          However, the Government objects to providing Defendant with a copy of the rough notes

4    at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of

5    those notes have been accurately reflected in a type-written report. See United States v. Brown,

6    303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule

7    16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor

8    discrepancies" between the notes and a report). The Government is not required to produce rough

9    notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18

10   U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a

11   witness' assertion, and (2) have been approved or adopted by the witness. United States v.

12   Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute

13   "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035,

14   1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were

15   scattered and all the information contained in the notes was available in other forms). The notes

16   are not Brady material because the notes do not present any material exculpatory information, or

17   any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at

18   595-96 (rough notes were not Brady material because the notes were neither favorable to the

19   defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71

20   (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was

21   insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable

22   under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

23          **(2) Arrest reports, notes, dispatch tapes**

24          The Government has provided Defendant with all known reports related to Defendant's

25   arrest in this case that are available at this time. The Government will continue to comply with its

26   obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the

27   Government has no objection to the preservation of the agents' handwritten notes, but objects to

28   providing Defendant with a copy of the rough notes at this time because the notes are not subject

to disclosure under Rule 16, the Jencks Act, or Brady. The United States is presently unaware of any dispatch tapes relating to the Defendant's arrest in this case. In addition, the United States has already discovered a copy of the Report of Investigation for the defendant's case.

### (3) A-File

The United States does not object to setting up a viewing of the discoverable portion of the defendant's A-file at a time that is mutually convenient for the parties. During this viewing, defense counsel may review the file for any documents regarding any legal status, if any, the defendant may have had in the past. However, the United States objects to providing the defendant with the entire A-file as the defendant has requested in his motion because as the defendant is aware, the A-file contains attorney work product and other information that is not discoverable information.

### (4) Brady Material

The Government has and will continue to perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. However, the United States objects to being ordered to determine whether the defendant's mother and father were naturalized, particularly in light of the fact that the United States is unaware of sufficient information to make such a determination. The United States proposes that defense counsel review the A-file for any such information, and should he determine that the defendant has a derivative citizenship claim, then the Government and defense counsel will proceed accordingly.

The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final

determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380, 389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. (see United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)). Nor does Brady require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976). 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for

this information is premature.

### (5) Defendant's Prior Record

The United States has already provided Defendant with a copy of any criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).

### (6) Proposed 404(b) and 609 Evidence

Should the United States seek to introduce any similar act evidence pursuant to Federal Rules of Evidence 404(b) or 609(b), the United States will provide Defendant with notice of its proposed use of such evidence and information about such bad act at or before the time the United States' trial memorandum is filed. The United States reserves the right to introduce as prior act evidence any conviction, arrest or prior act that is disclosed to the defense in discovery.

**(7) Evidence Seized**

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

**(8) Request for Preservation of Evidence**

After issuance of a an order from the Court, the United States will preserve all evidence to which Defendant is entitled to pursuant to the relevant discovery rules. However, the United States objects to Defendant's blanket request to preserve all physical evidence. The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

**(9) Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(10) Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those opinions.

**(11) Reports of Scientific Tests or Examinations**

The United States is not aware of any scientific tests or examinations at this time but, if any scientific tests or examinations were conducted or are conducted in the future, the United States will provide Defendant with any reports of any such tests or examinations in accordance with Rule 16(a)(1)(F).

**(12) Henthorn Material**

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**(13) Evidence of Bias or Motive To Lie**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(14) Impeachment Evidence**

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding

1    demonstrable bias or motive to lie.

2    **(15) Evidence of Criminal Investigation of Any Government Witness**

3    Defendants are not entitled to any evidence that a prospective witness is under criminal

4    investigation by federal, state, or local authorities. "[T]he criminal records of such [Government]

5    witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976);

6    United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records

7    of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United

8    States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that

9    the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)© to supply a

10   defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542

11   F.2d at 1026).

12   The Government will, however, provide the conviction record, if any, which could be used

13   to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such

14   information, disclosure need only extend to witnesses the United States intends to call in its case-

15   in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607

16   F.2d 1305, 1309 (9th Cir. 1979).

17   **(16) Evidence Affecting Perception, Recollection, Ability to Communicate, or**

18   **Truth Telling**

19   The United States is unaware of any evidence indicating that a prospective witness has a

20   problem with perception, recollection, communication, or truth-telling. The United States

21   recognizes its obligation under Brady and Giglio to provide material evidence that could be used

22   to impeach Government witnesses including material information related to perception,

23   recollection or ability to communicate. The Government objects to providing any evidence that

24   a witness has ever used Controlled Substance or other controlled substances, or has ever been an

25   alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn,

26   or any other Constitutional or statutory disclosure provision.

27   **(17) Names of Witnesses Favorable to the Defendant**

28   The Government willl comply with its obligations under Brady and its progeny. At the

present time, the Government is not aware of any witnesses who have made an arguably favorable

statement concerning the defendant.

### (18) Statements Relevant to the Defense

The United States will comply with all of its discovery obligations. However, "the

prosecution does not have a constitutional duty to disclose every bit of information that might

affect the jury's decision; it need only disclose information favorable to the defense that meets the

appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted).

### (19) Giglio Information

As stated previously, the United States will comply with its obligations pursuant to Brady

v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir.

1991), and Giglio v. United States, 405 U.S. 150 (1972).

### (20) Evidence of Bias or Motive To Lie

The United States is unaware of any evidence indicating that a prospective witness is

biased or prejudiced against Defendant. The United States is also unaware of any evidence that

prospective witnesses have a motive to falsify or distort testimony.

### (21) Jencks Act Material

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

on direct examination, the Government must give the Defendant any "statement" (as defined by

the Jencks Act) in the Government's possession that was made by the witness relating to the

subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks

Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes

are read back to a witness to see whether or not the government agent correctly understood what

the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United

States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act

1   material after the witness testifies, the Government plans to provide most (if not all) Jencks Act

2   material well in advance of trial to avoid any needless delays.

3       **(22) Residual Request**

4       The Government will comply with all of its discovery obligations, but objects to the broad

5   and unspecified nature of Defendant's residual discovery request.

6                                               **III**

7   **DEFENDANT'S MOTION TO PRESERVE A HEARING REGARDING**

8              **ADMISSIBILITY OF DEFENDANT'S STATEMENTS**

9

10      As stated above, the United States is currently unaware of any statements that the

11  defendant has made in connection with this case that the United States intends to offer at trial.

12  Should the United States become aware of any such statements, the United States will make

13  those statements available to the defendant.

14      Should the defendant then move to suppress those statements with the appropriate

15  declaration, and the Court orders an evidentiary hearing based on the issues that the defendant

16  raises, then the United States does not object to the preservation of the defendant's right to a

17  hearing.

18                                              **IV**

19      **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

20      The Government does not object to the granting of leave to file further motions as long

21  as the further motions are based on newly discovered evidence or discovery provided by the

22  Government subsequent to the instant motion at issue.

23                                              **V**

24                              **GOVERNMENT MOTIONS**

25      **A. Government Motion For Fingerprint Exemplars**

26      The Government requests that Defendant be ordered to make himself available for

27  fingerprint exemplars at a time and place convenient to the Government's fingerprint expert.

28  See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has

"inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Because the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

### B. Government's Motion to Compel Reciprocal Discovery

#### 1. All Evidence That Defendant Intends to Introduce in His Case-In-Chief

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

#### 2. Reciprocal Jencks – Statements By Defense Witnesses

1        Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

2   production of the prior statements of all witnesses, except a statement made by Defendant.

3   The time frame established by Rule 26.2 requires the statements to be provided to the

4   Government after the witness has testified.  However, to expedite trial proceedings, the

5   Government hereby requests that Defendant be ordered to provide all prior statements of

6   defense witnesses by a reasonable date before trial to be set by the Court.  Such an order

7   should include any form in which these statements are memorialized, including but not limited

8   to, tape recordings, handwritten or typed notes and reports.

9   **VI**

10  **CONCLUSION**

11       For the foregoing reasons, the Government requests that the Court deny Defendant's

12  motions, except where unopposed, and grant the Government's motion for reciprocal discovery

13  and to compel a fingerprint exemplar.

14       DATED: May 25, 2008

15

16       Respectfully submitted,

17  KAREN P. HEWITT
    United States Attorney

18  /s/ *Caroline P. Han*
    CAROLINE P. HAN

19  Assistant United States Attorney
    Attorneys for Plaintiff

20  United States of America

21

22

23

24

25

26

27

28

1

UNITED STATES DISTRICT COURT

2

SOUTHERN DISTRICT OF CALIFORNIA

3

UNITED STATES OF AMERICA,      )  Criminal Case No. 08CR1185-IEG

4

)

             Plaintiff,   )

)  CERTIFICATE OF SERVICE

5

            v.      )

)

6

JOSE ANTONIO GARCIA-GRACIAN   )

)

7

           Defendant.  )

)

8

)

9

IT IS HEREBY CERTIFIED THAT:

10

     I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of

11

age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12

     I am not a party to the above-entitled action.  I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL DISCOVERY,**

13

**FOR LEAVE TO FILE FURTHER MOTIONS, AND RESERVATION OF RIGHT TO A HEARING; AND THE GOVERNMENT'S MOTIONS TO COMPEL FINGERPRINT**

14

**EXEMPLAR AND FOR PRODUCTION OF RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court

15

using its ECF System, which electronically notifies them.

16

**Kenneth J Troiano**

17

Law Office of Kenneth J Troiano
PO Box 33536

18

San Diego, CA 92163-3536
(858)268-8600

19

Email: troianosd@earthlink.net

*Attorney for defendant*

20

21

     I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

22

     None

23

the last known address, at which place there is delivery service of mail from the United States Postal Service.

24

     I declare under penalty of perjury that the foregoing is true and correct.

25

     Executed on May 25, 2008

26

27

         /s/ *Caroline P. Han*

         CAROLINE P. HAN

28